[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO WITHDRAW AS COUNSEL
CT Page 14298
The attorney for the petitioner has filed a motion to withdraw appearance as counsel to petitioner in this habeas corpus action. The background of this habeas action and of petitioner's other disagreements with his attorneys is necessary to an understanding of the court's opinion and ruling on this matter.
The petitioner was convicted on the charge of Larceny in the First Degree after a jury trial in the Judicial District of Meriden. That trial commenced on June 1, 1995. Prior to that time, the petitioner had been represented in 1993 on an unrelated criminal matter in Meriden at the Superior Court G.A. 7 by Attorney David Smith of the staff of the Office of the Public Defender. When the petitioner became dissatisfied with Attorney Smith's services, Attorney Michael Boynton was appointed to represent the petitioner as a Special Public Defender. In the fall of 1994, the petitioner made complaints of ineffective assistance of counsel against Mr. Boynton, and Attorney Michael Moscowitz was appointed as a Special Public Defender to replace Mr. Boynton. Thereafter, when the petitioner was arrested and charged in this underlying matter with Larceny in the First Degree, Attorney Michael Moscowitz was appointed as a Special Public Defender to represent the petitioner in that case also.
In proceedings before the court on May 31, 1995, the petitioner expressed his dissatisfaction with Attorney Moscowitz and demanded that a new attorney be appointed to represent him. The court (Gaffney, J.) denied the petitioner's request that a new attorney be appointed but, after a thorough canvass of the petitioner, allowed the petitioner to discharge Attorney Moscowitz and represent himself at trial. The court appointed Attorney Moscowitz as standby counsel and Moscowitz remained throughout the entire trial serving in that capacity.[1]
The petitioner was convicted of Larceny in the First Degree and sentenced to a period of incarceration of fifteen years, suspended after seven years. The petitioner appealed his conviction. Attorney Paul Kraus was appointed as a Special Public Defender to represent the petitioner in the appeal. The conviction of the petitioner was affirmed by the Appellate Court, State v. Oliphant, 47 Conn. App. 271 (1998), and certification to the Supreme Court was denied, 244 Conn. 904, 714 A.2d 3
(1998).
This habeas corpus petition, CV 98 0414837 (Habeas 1), arising out of the Larceny 1st conviction, was filed on June 25, 1998. Originally filed by the petitioner pro se, the petition alleged three grounds on which relief was sought 1) ineffective assistance of Michael Moscowitz as CT Page 14299 standby counsel; 2) restriction of cross-examination during the criminal trial; and 3) wrongfully compelling the petitioner to wear handcuffs and shackles in the courtroom during jury voir dire. On December 3, 1998, the petitioner filed a second habeas corpus action in this judicial district, CV 98 0420277 (Habeas 2), alleging violation of his rights arising out of his conviction in G.A. 7 in Meriden of the crimes of Threatening (Conn. Gen. Stat. § 53a-62) and Disorderly Conduct (53a-182) for which he was sentenced to fifteen months incarceration.[2] He had also been represented at that trial by Special Public Defender Michael Moscowitz, and in Habeas 2, the petitioner again alleged ineffective assistance at trial on the part of Attorney Moscowitz.
In Habeas 2, which is still pending, an appearance was first filed on petitioner's behalf by the Office of the Chief Public Defender in Hartford. Then a Special Public Defender, Attorney Patrice Cohan, was appointed to replace the original petitioner's counsel.[3]
In Habeas 1, the instant case, and the one in which counsel now seeks to withdraw, an appearance was first filed by the Office of the Chief Public Defender. Attorney Joseph Visone was then appointed as a Special Public Defender to represent the petitioner. Attorney Visone filed his appearance in lieu of that of Temmy Ann Pieszak from the Office of the Chief Public Defender on July 16, 1999. According to correspondence addressed to the court from the petitioner and placed in the court file, Attorney Visone promptly visited the petitioner at Northern Correctional Institution to consult about the case and discord arose almost immediately. The petitioner demanded that his petition be amended to include additional allegations. This disagreement led Attorney Visone to file a Motion to Withdraw Appearance. The Motion to Withdraw Appearance and the supporting and opposing papers are in the file, under seal, see Conn. P.B. § 23-41, and were the subject of a hearing, without the presence of the respondent or the State's Attorney. Id. The court filed its decision on the motion under seal on January 6, 2000. In its decision, the court determined that the issue of compelling the petitioner to appear in shackles during voir dire in his criminal trial was not wholly frivolous, nor, pending further adjudication, was the issue of whether appellate counsel failed to provide effective assistance on that issue. Because these two issues were deemed non-frivolous, the motion of Attorney Visone to Withdraw as counsel under P.B. § 23-41
was denied.
On January 31, 2000, Attorney Visone filed a second Motion to Withdraw Appearance premised in part upon a complete breakdown of the attorney-client relationship.[4] The court (Downey, J.) granted that motion on March 7, 2000. The court further ordered the Office of the Public Defender to promptly appoint substitute counsel. CT Page 14300
However, it appears at this point that the petitioner, with assistance from his family, retained private counsel. Attorney Norman Pattis filed an appearance on April 14, 2000, on behalf of the petitioner.[5] Then on October 10, 2000, Attorney Pattis filed an Amended Habeas Corpus Petition. It states that the confinement of the petitioner is illegal because a) the petitioner was not given appropriate legal assistance by standby counsel; b) the petitioner was forced to wear handcuffs and leg shackles during jury selection; and c) the petitioner was deprived of his right to counsel at trial. These allegations largely restate the initial claims of the petitioner in the original pro se petition. Moreover, the allegations are in conformance with the allowable issues contained in the determination by the court in the 23-41 motion filed by prior counsel. That decision acts as a finding that counsel is foreclosed from raising a variety of other claims that the petitioner desires be raised in this habeas proceeding.
The trial of this habeas matter was originally scheduled for July 12, 2000. Attorney Pattis filed a request for a continuance of that date on June 30, 2000, indicating that he would be out of state. The court granted a continuance to the month requested by Attorney Pattis, September 2000. Trial was rescheduled for September 27, 2000. The matter did not proceed on September 27, but rather, on that date is was further continued to October 31, 2000. When the day of trial approached and it became clear that Attorney Pattis would again not be available, Attorney Angelica Papastavros of the law firm of Williams and Pattis took over the file and prepared for trial. She appeared with and on behalf of the petitioner at trial on October 31, 2000. The petitioner objected to proceeding without Mr. Pattis himself. He also indicated he was dissatisfied with what he believed was the unethical conduct of the Pattis law firm in accepting his case on a private retainer and as a special public defender. See footnotes 2 and 5. He also stated that he wanted to amend the petition to include other allegations. Upon inquiry of the court, Attorney Papastavros indicated that she felt fully prepared to proceed on the petitioner's behalf that day. The petitioner then stated that he was discharging Attorney Papastavros. The court indicated that he could do so but that no continuance of the trial to another day would be allowed. The petitioner then withdrew his dismissal of his attorney. Attorney Papastavros once again indicated that she was prepared to proceed on the petitioner's behalf. The trial proceeded and the evidence was fully presented. The court then allowed both sides an opportunity to file memoranda of law simultaneously on or before December 8, 2000.
By date of November 9, 2000, the petitioner sent a letter to the court,[6] complaining that Attorney Pattis and Attorney Papastavros had CT Page 14301 behaved unethically and requesting that the amended habeas petition be disregarded in favor of his original habeas petition (even though the main allegations in each — ineffective assistance of standby counsel and the handcuffing of the petitioner during voir dire — are identical). On November 13, 2000, Attorney Papastavros moved to withdraw her appearance and that of the Pattis law firm because of the petitioner's accusations that the firm had engaged in reprehensible conduct.
The trial of the habeas petition was completed on October 31, 2000. Mr. Oliphant testified as did his standby counsel from the criminal trial Michael Moscowitz. Attorney Papastavros presented the evidence for the petitioner in an organized, comprehensive and persuasive fashion. The evidence phase of the trial is closed. All that remains is the submission of legal memoranda of law at the election of the parties. (Briefs were invited but not required by the court.) There appears to be no reason, despite the mistrust and breakdown in communication between the petitioner and his counsel, that petitioner's attorneys cannot complete their professional responsibility to the client and to the court by submitting a memorandum of law on the legal issues as invited by the court. If the petitioner prefers, however, he may discharge his counsel in this civil case and submit his own legal memorandum if he chooses. The court enters the following orders:
1. The motion to withdraw as counsel to the petitioner is denied at this time.
2. Should the petitioner wish to discharge his counsel he shall promptly file a pro se appearance with the court in lieu of that of Attorney Pattis's firm. The court directs the clerk to send a blank appearance form together with a stamped, court-addressed envelope to the petitioner at the time of sending him the copy of this decision.
3. The deadline for submissions of legal memoranda by both sides remains December 8, 2000, provided however that if the petitioner discharges his counsel by filing a pro se appearance in lieu of that of Attorney Pattis's firm on or before December 8, he shall have an extension of time to file a memorandum of law until January 8, 2001, after which the court will render a decision in this habeas matter.
4. The petitioner shall address no further ex parte correspondence or papers of any kind to any judge of this court. Any attempt to communicate in such a fashion shall be considered contemptuous of this order and will not be opened and read by the judge. Any motion or other proper filing in this matter on petitioner's behalf shall only be made by his counsel so long as that appearance is effective. If the petitioner elects to CT Page 14302 discharge his counsel and proceed pro se, any motion or other proper filing shall be addressed to the office of the clerk for filing in the court file, with a proper certification to opposing counsel, and no courtesy copy shall be sent to the judge directly until further order of this court.
5. Upon the filing of any memorandum of law on behalf of the petitioner whether by his counsel or pro se, or on January 8, 2000, whichever is earlier, the motion of his counsel to withdraw appearance shall be granted.
Patty Jenkins Pittman, Judge